# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY CHESTNUT, a/k/a Dwight   :     **CIVIL ACTION NO. 3:CV-12-0579**
Johnson,                  :
                         :
       **Petitioner**       :     **(Judge Caputo)**
                         :
       **v.**            :     **(Magistrate Judge Blewitt)**
                         :
PENNSYLVANIA STATE ATTORNEY   :
GENERAL, *et al.*,             :
                         :
       **Respondents**     :

## REPORT AND RECOMMENDATION

### I. Procedural Background.

On December 27, 2011, Petitioner Jeffrey Chestnut, a/k/a Dwight Johnson ("Petitioner"), an inmate at the State Correctional Institution at Dallas ("SCI-Dallas") in Dallas, Pennsylvania, filed, *pro se*, a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1).[1] Petitioner also filed an Petitioner also filed an *in forma pauperis* motion and submitted a statement of his inmate account as support. (Doc. 1, pp. 17-20).

Petitioner raises one ground for relief in his § 2254 petition, claiming, "Petitioners [sic] present/continued confinement is in violation of the U.S. Constitution and/or laws and treaties of the U.S." (*Id.* at 5). As support, he alleges "[t]hat the Lower Courts Decisions [sic] were/are contrary to and involve unreasonable application of, clearly establish [sic] Federal Law, and and [sic] resulted

---

[1] Because Petitioner signed the habeas petition on December 27, 2011, we construe the petition as being filed on that date under the "prison mailbox rule." *See Baker v. Beard*, No. 4:CV-05-281, 2006 WL 13104, at *1 (M.D. Pa. Jan. 3, 2006) (*citing Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). The habeas petition was docketed on January 4, 2012. (Doc. 1)

in decision based upon unreasonable determination of the facts in light of the evidence presented in State Court proceedings." (*Id.*). In Petitioner's Memorandum in Support, Petitioner Chestnut is more specific as to the ground he is raising in his Petition. Petitioner claims his continued confinement is unlawful since his conviction and sentence are "in violation of his 4th Amendment right to be free from unlawful restraint absence probable cause" ( Doc. 1, Att. 1, p. 4). Additionally, Petitioner alleges his Sixth and Fourteenth Amendment rights were violated due to ineffective assistance of counsel. (*Id.*, p. 5). Petitioner claims his trial/appellate counsel:

    a. Failed to raise and/or argue Rule 600 Issue
    b. Failed to object to preserve for appeal, the trial courts abuse of discretion in imposing illegal sentence, where the court used two prior drug misdemeanor charges to enhance sentence.
    c. Failed to request instruction on mere presence to preserve for direct appeal.
    d. Failed to raise issue of property ownership where an illegal search was conducted.

(*Id.*).

       In his habeas petition, Petition seeks to be afforded "appointment of counsel to represent Petitioner in an evidentiary hearing to adjudicate his federal claims from a denial of due process in the form of ineffective assistance of counsel. ( Doc.1, p. 15).[2]

       On February 28, 2012, District Judge Michael M. Baylson, for the Eastern District of Pennsylvania, transferred the action to the Middle District of Pennsylvania. (Doc. 4). On April 2,

---

    [2] Additionally in Petitioner's habeas petition, Petitioner avers that he has exhausted all his state court remedies, and that he timely filed this instant habeas petition in accordance with U.S.C § 2244 one-year statute of limitations. ( Doc. 1, p. 7). In response, "Respondents acknowledge that Petitioner has exhausted his state remedies,... and that the instant Petition is timely." (Doc. 12, p. 3). We agree with both Petitioner and Respondents, that Petitioner has exhausted all his state court remedies, *See Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir.2002)., and Petitioner has timely filed this instant habeas petition. *See* 28 U.S.C. § 2244(d)(2). *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

2012, the undersigned, being assigned to this case for pre-trial matters, issued a Show Cause Order directing Respondents to respond to the Petition within twenty (20) days. (Doc. 7).

On May 15, 2012, after being granted an extension of time, Respondents filed their Answer to Defendant's Petition for Habeas Corpus. (Doc. 12). As support, Respondents attach the following to their Answer as exhibits: (1) "Exhibit A- The Honorable Judge Russell's Opinion and Order dated November 23, 2005" as Document 12-1; (2) "Exhibit B- Transcript of Defendant's Trial" as Documents 12-2, 12-3, and 12-4; (3) "Exhibit C- Petition for Allowance of Appeal to the Pennsylvania Supreme Court which includes the Superior Court Opinion, the Opinion of the Honorable Charles Miller and Judge Russell's Opinion" as Document 12-5; (4) "Exhibit D- Petitioner's Post Conviction Petition" as Document 12-6; (5) "Exhibit E- Commonwealth's Brief" as Document 12-7; (6) "Exhibit F- Petitioner's Brief" as Document 12-8; (7) "Exhibit G- Appellee's Brief in Superior Court" as Document 12-9; (8) "Exhibit H- Petitioner's Petition for Allowance of Appeal which includes the Superior Court's Opinion denial of his PCRA" as Document 12-10; (9) "Exhibit I- The Order of the Pennsylvania Supreme Court denying his Petition for Allowance of Appeal dated March 30th 2011" as Document 12-11. (Doc. 12, p. 2, ¶ 12).

In Respondents' Response, they request Petitioner's §2254 Habeas Petition be dismissed. In their Answer, Respondents specifically deny that the decisions of the Pennsylvania courts in the underlying proceedings "were contrary to or an unreasonable application of clearly established federal law ... based on the facts in light of the evidence presented." (Doc. 12, p. 2, ¶ 12). Respondents argue that when a federal court reviews a habeas petition, it is "restricted to claims based 'on the ground that (Petitioner) is in custody in violation of The United States Constitution

or laws or treaties of the United States,'" and that Petitioner bears the burden of so demonstrating.

(*Id.* (*quoting Estelle v. McGuire*, 502 U.S. 62, 68 (1991)) (*citing Williams v. Taylor*, 529 U.S. 362 (2000)).

Substantively, Respondents submit:

> Respondent avers that petitioner has not met his burden to show that he is in custody in violation of The United States Constitution or laws or treaties of the United States. Respondent avers that a review of the documents attached to this answer belie any argument of petitioner that he is in custody for anything other than his violation of Pennsylvania Drug Laws. Respondent argues that after review of these documents, there was no unreasonable application of clearly established law. *Lockyer v. Andrade*, 538 U.S. 63, 75. (2003).
>
> Furthermore, there is no clear and convincing evidence that the Pennsylvania State Courts determination was unreasonable in light of the record. *Rice v. Collins*, 546 333, 338-339 (2006).

(Doc. 12, pp. 3-4).

Petitioner did not file a reply to Respondent's answer, and, accordingly, the Petition is now ripe for disposition.

As discussed below, we will recommend Petitioner's habeas petition be DENIED.

## II.  STATE PROCEDURAL AND FACTUAL BACKGROUND

The facts of this case are extracted from the opinion of the Pennsylvania Superior Court dated April 3, 2007, *Commonwealth v. Chestnut*, NO. 695 MDA 2006, which addressed petitioner's appeal from the judgment of sentence of March 14, 2006. The relevant facts of this case are as follows:

> The Frackville Borough Police Department and the Pennsylvania Attorney General's Office possessed outstanding arrest warrants for Godfrey Walls regarding numerous criminal complaints charging him with the sale of illegal narcotics in Schuylkill County and trafficking of illegal narcotics from Philadelphia to Schuylkill County. On

4

March 4, 2005, the officers and Attorney General's agents arrived at 31 South Lehigh Street, Frackville, Godfrey Walls' Frackville apartment, to serve the arrest warrants. Upon arriving at the residence, Agent Keith Charles of the Pennsylvania Attorney General's Office knocked on the front door of the apartment, announced, "Police," and then knocked again. While outside the apartment door, the police and agents heard sounds of people running inside the apartment. One person attempted to exit the apartment through the backdoor, but the police prevented him from escaping. The door was answered by Yaku Walls, Godfrey Walls' cousin, and Agent Charles informed him that he had an arrest warrant for Godfrey Walls. Thereafter, Agent Charles asked Yaku Walls if he was Godfrey Walls.

Yaku Walls did not answer Agent Charles' question, but he permitted the police officers and agents to enter the apartment, where they found three other individuals, one being Appellant. Agent Charles ordered all occupants to sit, and he observed marijuana residue on the coffee table in the living room. Yaku Walls identified himself to the police as Brandon Boulware, and, as Agent Charles compared photographs of Godfrey Walls to the appearance of the individuals in the room, Yaku Walls fidgeted while sitting on the couch. Fearful of the safety of the police officers and agents, Agent Charles directed Yaku Walls to stand, whereupon Agent Charles conducted a pat-down search of Yaku Walls. Agent Charles felt a lump in Yaku Walls' pants pocket and asked him what the lump was. Yaku Walls responded that the lump was money that he won from gambling. Agent Charles told Yaku Walls to sit in another location, and he lifted the couch cushion where Walls had been sitting. Agent Charles discovered five packets filled with a substance that he suspected to be heroin based on its appearance and packaging.

The police and agents attempted to ascertain who was the tenant or owner of the apartment, but both Appellant and Yaku Walls stated that they had no vehicle and that they did not possess any identification. Initially, Appellant told the police that he was from Philadelphia, but he later stated that he was from Hazleton. When Appellant was asked other questions by Agent Charles, such as his birth date, social security number, and address, he fidgeted, sweated, looked up at the ceiling, and stumbled with responses. Agent Charles concluded that Appellant and Yaku Walls were giving false identification to them, and they then placed Appellant in custody for his suspected involvement in drug dealing activity and for his suspected provision of false identity.

Appellant was transported to the Frackville State Police Barracks, whereupon his fingerprints were to be scanned and compared with others on Pennsylvania's Automated Fingerprint Identification System. When entering the secured area containing the computerized system, a metal detector wand activated when passed over Appellant's right foot. The police ordered Appellant to remove his boot, and,

after refusing initially, he agreed and removed his right boot, revealing a glassine bag containing approximately 30 grams of crack cocaine and 16 packets of heroin, packaged in the same fashion as the heroin retrieved from the apartment. Appellant was arrested and charged with the above-named offenses.

(Doc. 12-5, pp. 8-11).

On March 4, 2005, Petitioner was arrested on the above-named five (5) offenses. (Court of Common Pleas of Schuylkill County ("CCP") Criminal Docket Number: CP-54-CR-0000630-2005[3]). On July 6, 2005, Petitioner filed a omnibus pre-trial motion, and the Honorable Jacqueline L. Russell heard the Motion on August 31, 2005. (*Id.*). A decision was rendered on November 23, 2005 denying Petitioner's omnibus motion. ( *Id.*). Petitioner was convicted by a jury on January 17, 2006 on five counts (5): (1) Possession with Intent to Deliver 0.45 grams of heroin; (2) Possession with Intent to Deliver 23.6 grams of crack cocaine; (3) Possession of heroin; (4) Possession of crack cocaine; and (5) Criminal Conspiracy. (*Id.*). Then, Petitioner timely filed a notice of appeal on April 19, 2006. (*Id.*). The Superior Court of Pennsylvania affirmed the judgment of the Court of Common Pleas on April 3, 2007 (*Id.*), and the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on August 15, 2007 (*Id.*) . Further, on October 26, 2007, Petitioner filed a PCRA Petition (*Id.*), and on January 13, 2010 the CCP denied Petitioner's PCRA Petition. (*Id.*). On February 2, 2010, Petitioner filed a notice of appeal to the Superior Court (*Id.*), and on September 3, 2010 the Superior Court affirmed the CCP's denial of Petitioner's PCRA Petition ( *Id.* at 15). Lastly, Petitioner, on

---

[3] We take judicial notice of the Schuylkill County Court of Common Pleas Docket Sheet in this matter, which is available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/ Schuylkill County Court of Common Pleas Docket Sheet Number: CP-54-CR-0000630-2005. *See http://ujsportal.pacourts.us.*

October 15, 2010, filed a petition for allowance of appeal to the Supreme Court of Pennsylvania (*Id.*), and on April 27, 2011, the Supreme Court denied Petitioner's petition for allowance of appeal. (*Id.*).

As mentioned, on December 27, 2011, Petitioner filed his instant § 2254 habeas petition. (Doc. 1). Petitioner claims his continued confinement is in violation of the U.S. Constitution and/or laws ans treaties of United States. ( Doc. 1, p. 5). As stated, Petitioner's Brief in Support is more explanatory, in that Petitioner claims his continued confinement is unlawful since his conviction and sentence is in violation of his 4th Amendment right to be free from unlawful restraint absent probable cause. Additionally, Petitioner alleges his Sixth and Fourteenth Amendment rights were violated due to ineffective assistance of counsel. Petitioner claims his trial/appellate counsel:

  a. Failed to raise and/or argue Rule 600 Issue
  b. Failed to object to preserve for appeal, the trial courts abuse of discretion in imposing illegal sentence, where the court used two prior drug misdemeanor charges to enhance sentence.
  c. Failed to request instruction on mere presence to preserve for direct appeal.
  d. Failed to raise issue of property ownership where an illegal search was conducted.

( Doc. 1, p. 5).

## III. STANDARD OF REVIEW

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. "A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, 562 U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the

correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

## IV. DISCUSSION

### 1. Fourth Amendment Unlawful Arrest and Search and Seizure Claim

As his first claim, Petitioner contends, without further elaboration, that his "conviction and sentence was the result of unlawful search and seizure of his person, in violation of 4th Amendment right to be free from unlawful restraint absence probable cause." (Doc. 1-1, Att. 1, p. 4).

9

We recommend Petitioner's claim that his conviction was the result of unlawful search and seizure of his person, in violation of his Fourth Amendment right to be free from unlawful restraint absent probable cause be dismissed.

The Supreme Court in *Stone v. Powell*, held:

> That where the state had provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner could not be granted habeas corpus relief on the ground that evidence obtained through unconstitutional search and seizure was introduced at his trial, in that, in the context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment was minimal as compared to the substantial societal costs of applying the rule.

*Stone v. Powell,* 428 U.S. 465, 96 S.Ct 3037,48 L.ED 2d 1067 (1976).

In the instant matter, Petitioner was provided and subsequently took, the opportunity for a full and fair litigation of his Fourth Amendment claims, when Petitioner received a hearing on his omnibus pre-trial motion.  In that motion, Petitioner challenged an alleged violation of his Fourth Amendment right to be free from unlawful restraint absent probable cause and unlawful search and seizure of his person. Further, the Court found that Petitioner's Fourth Amendment rights were not violated and the heroin found in Petitioner's boot would not be suppressed.

The CCP of Schuylkill County stated:

> In view of all the circumstances then known to police, Agent Charles had probable cause to believe that Defendant had been engaged in illegal drug activity (including possession) related to the drugs found in the apartment and that Defendant had provided false identification to law enforcement personnel who Defendant knew were engaged in an official investigation of suspected drug violations, in particular, as related to the heroin found in the sofa.

> Defendant appropriately had been subject of proper arrest and a search
> incident thereto. Consequently, Defendant's request to suppress the evidence
> recovered from his boot will be denied and dismissed.

(*Commonwealth v. Johnson a/k/a Chestnut*, NO. 630-2005, Nov. 23, 2005).

We find that this specific ineffective counsel argument regarding Petitioner's allegedly illegal arrest and search incident seeks relief under the Fourth Amendment, and, as such, this Court is barred from reviewing it. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). The United States Supreme Court held in *Stone v. Powell*: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* Moreover, this Court recently stated:

> [T]he Third Circuit Court of Appeals held that *Stone* precludes federal habeas
> corpus review of a state court's determination that a Fourth Amendment violation
> was harmless error. *Gilmore v. Macks*, 799 F.2d 51 (3d Cir. 1986). The Court
> stated, "[u]nder *Stone v. Powell*, a federal court may not reexamine the state
> court's determination that no Fourth Amendment violation occurred, that a
> violation had occurred but that introduction of its fruits was harmless, or that any
> Fourth Amendment violation that might have occurred had harmless result."
> *Gilmore*, 799 F.2d at 56.

*Howell v. Pennsylvania*, Civil Action No. 3:09-CV-1282, 2010 WL 4718754, at *3 (M.D. Pa. Nov. 15, 2010).

Accordingly, because Petitioner's omnibus pre-trial motion to suppress evidence obtained from his arrest was reviewed and denied, this Court recommends Petitioner's claim be denied as this court has no basis under the habeas corpus statute to make a determination on those issues. *See Howell v. Pennsylvania*, No. 3:09-CV-01282, 2010 WL 4718791, at 1*, *5

(M.D.Pa. April 29,2010).

### 2. Ineffective assistance of trial/appellate counsel claims

Petitioner allege that he has been denied of a fundamental right to effective assistance of counsel under the Sixth Amendment of the U.S. Constitution as well as Article I Sec. 9 of the Pennsylvania Constitution. (Doc. 1).

Here, Petitioner raises four claims of ineffective assistance of trial/appeal counsel, namely, (a) his trial/appellate counsel failed to raise and/or argue Rule 600 Issue, (b) his trial/appellate counsel failed to object to preserve for appeal, the trial courts abuse of discretion in imposing an illegal sentence, where the court used two prior drug misdemeanor charges to enhance sentence, (c) his trial/appellate counsel failed to request instruction on mere presence to preserve for direct appeal, and (d) his trial/appellate counsel failed to raise issue of property ownership where an illegal search was conducted.(Doc. 1-1, p. 5).

### 1. Standard for claims of Ineffective Assistance of Counsel

For evaluating a state court's substantive adjudication of an ineffective assistance of trial counsel claim in a habeas petition, this Court utilizes the standard as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In interpreting *Strickland*, the Third Circuit held:

> For AEDPA purposes, the *Strickland* test qualifies as "clearly established Federal law, as determined by the Supreme Court." *Williams*, 529 U.S. at 391, 120 S.Ct. 1495. Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. 466 U.S. at 687, 104 S.Ct. 2052.

*Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010).

The first prong is established by establishing that the trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id.* (*citing Strickland*, 466 U.S. at 688). In order to prove that trial counsel was deficient, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The reviewing court must be highly deferential in favor of trial counsel when evaluating counsel's performance. *Rainey*, 603 F.3d at 197. It is well established that counsel cannot be ineffective for failing to raise a meritless claim. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."); *United States v. Henderson*, 437 F. App'x 96, 98 (3d Cir. 2011) (*quoting Sanders*) (same). *See also United States v. Price*, Criminal No. 4:06-CR-0053-1, 2012 WL 3027844, at *5 (M.D. Pa. July 24, 2012) ("To satisfy the prejudice prong, the petitioner must show that, but for counsel's errors, the outcome would have been different."); *Peroza-Benitez v. Lawler*, Civil Action No. 10-3684, 2011 WL 744762 (E.D. Pa. Feb. 9, 2011) ("To establish a claim of ineffective assistance of counsel, petitioner must show both deficient performance and prejudice.").

In *Grant v. Wilson*, Civil Action No. 07-1570, 2009 WL 222945, at *6 (W.D. Pa. Jan. 29, 2009), the court stated:

> Because the *Strickland* test is one of objective reasonableness, it does not matter if counsel actually considered the course taken or foregone to determine whether the actions or omissions were objectively reasonable; so long as a hypothetical reasonable attorney could have done the same, there is no ineffectiveness. *Chandler v. United States*, 218 F.3d 1305, 1316 n.16 (11th Cir. 2000). In light of the strong presumption of counsel's effectiveness and the objective

13

reasonableness standard, the Court of Appeals for the Third Circuit has explained,
"[i]t is [ ] only the rare claim of ineffective assistance of counsel that should
succeed under the properly deferential standard to be applied in scrutinizing
counsel's performance." *United States v. Kauffman*, 109 F.3d 186, 190 (3d Cir.
1997) (*quoting United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989)).

2009 WL 222945, at *6 (alterations in original).

The second prong requires a petitioner to show that the counsel's deficient performance

actually prejudiced the defense to the extent that the petitioner was deprived of a fair trial.

*Strickland*, 466 U.S. at 687. The Supreme Court recently explained:

With respect to prejudice, a challenger must demonstrate "a reasonable
probability that, but for counsel's unprofessional errors, the result of the
proceedings would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome." [*Strickland*, 466 U.S.] at 694,
104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable
effect on the outcome of the proceeding." *Id.*, at 693, 104 S.Ct. 2052. Counsel's
errors must be "so serious as to deprive the defendant of a fair trial, a trial whose
result is reliable." *Id.*, at 687, 104 S.Ct. 2052.

*Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 787-88 (2011). *See also Ross v. Dist. Attorney
of the Cnty. of Allegheny*, 672 F.3d 198, 210 (3d Cir. 2012) (*quoting Harrington*).


Further, a petitioner claiming ineffective counsel bears the burden of proving that he or

she was prejudiced by the deficient performance of counsel. *Roe v. Flores-Ortega*, 528 U.S.

470, 476-77 (2000); *Fountain v. Kyler*, 420 F.3d 267, 275 (3d Cir. 2005); *United States v.

Desivo*, Nos. 4:04-CR-00010, 4:09-CV-02236, 2010 WL 2267080, at *2 (M.D. Pa. May 28,

2010). Again, a petitioner may successfully prove this burden by demonstrating that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

would have been different." *Strickland*, 466 U.S. at 694.

Additionally, this Court has found that the strength and extent of the evidence in the underlying criminal proceeding is critical in evaluating a petitioner's ineffective assistance of counsel claim under *Strickland*:

> "[A] court must consider the strength of the evidence in deciding whether the *Strickland* prejudice prong has been satisfied." *Buehl v. Vaughn*, 166 F.3d 163, 172 (3d Cir. 1999). "'[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" *Id.* (quoting *Strickland*, 466 U.S. at 696, 104 S.Ct. 2052).

*United States v. Jansen*, 229 F. Supp. 2d 377, 379 (M.D. Pa. 2002) (alterations in original).

In examining Pennsylvania state courts' review of a petitioner's ineffective assistance of counsel claim under *Strickland*, the Third Circuit has held: "Under [section 2254(d)(1)], the appropriate inquiry is whether the Pennsylvania courts' application of *Strickland* to Werts' ineffectiveness claim was objectively unreasonable, *i.e.*, the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland*." *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000). *See also Grant v. Wilson*, 282 F. App'x 138, 139 (3d Cir. 2008) (*quoting Werts v. Vaughn*).

The Superior Court of Pennsylvania, in its September 3, 2010 decision affirming the trial court's dismissal of Petitioner's PCRA Petition, stated the Pennsylvania standard for establishing an ineffective assistance of counsel claim:

> To establish ineffectiveness of counsel, a petitioner must demonstrate all of the following: (1) there is arguable merit to the underlying claim; (2) counsel had no reasonable basis for his chosen course of conduct; and (3) counsel's actions prejudiced the petitioner. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). Prejudice means that, absent counsel's conduct, there is a reasonable likelihood the outcome of the proceedings would have been different. *Id.*

(Doc. 12-10, p. 42).

We find that because the Superior Court decided Petitioner's ineffective assistance of trial counsel arguments under standards that are strikingly similar to that set forth in *Strickland*, this District Court should apply the "highly deferential standard for evaluating state-court rulings" to give the Superior Court's decisions in the instant case "the benefit of the doubt." *See Felkner*, 562 U.S. —, 131 S. Ct. at 1307 (*quoting Renico*, 559 U.S. —, 130 S. Ct. at 1862). *See also Grant*, 2009 WL 222945, at *8 ("Because the Superior Court decided Petitioner's claims of ineffective assistance of counsel under the standards of *Pierce* and those standards are essentially the same as the *Strickland* standard, this court is required to apply the deferential standard of 28 U.S.C. § 2254(d), which demands that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law.").[4]

### (a) Failed to raise/argue Rule 600 issue

With respect to his first argument, Petitioner asserts that he was denied due process in the form of a prompt trial under Pennsylvania Rule of Criminal Procedure 600(A)(2), and "that the lower courts deprived Petitioner of an effective adjudication of his federal claims under the 6th Amendment..."(Doc. 1-1, p. 4-5).[5] Petitioner asserts that he was arrested for the underlying

---

[4] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) is cited by the *Cox* court as a source of the Pennsylvania ineffective assistance of counsel standard. *Cox*, 983 A.2d at 678. The Superior Court in the instant case cites to *Cox* for that same standard.

[5] The Rule that Petitioner references states: "Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed." Pa.R.Crim.P.

crimes on March 4, 2005, but his trial did not commence until January 17, 2006, "after many continuance[s] at the request of Schuylkill County's District Attorney's[ ] Office[,] 163 days beyond the 180 day run date of August 4, 2006[,] that petitioner should have been brought to trial." (Doc. 1-1, pp. 5-6 (citing "Court Record")).

As support, Petitioner submits that in *Commonwealth v. Lynn*, 815 A.2d 1053 (Pa. Super. Ct. 2003), the Superior Court of Pennsylvania held:

> "Trial counsel was deficient in failing to file motion to dismiss charges against defendant based upon violation of rule of criminal procedure which set forth time within which defendants had to be tried in order to receive speedy trial, thus establishing element of ineffective assistance claim, where trial counsel acknowledged that he did not file motion to dismiss pursuant to speedy trial rule, that he had no reasonable basis for so deciding, and motion to dismiss under speedy trial rule, if meritorious, would have resulted in dismissal of charges against defendant."

(Doc. 1-1, p. 6 (quoting 815 A.2d 1053)).

Petitioner has argued that his counsel was ineffective in not raising that Petitioner was deprived of his speedy trial rights under Pa. R. Crim P. Rule 600, under the Pennsylvania Constitution, Article 1, Section 9 ( which guarantees that " in all criminal prosecutions the accused hath a right to...speedy public trial by an impartial jury of the vicinage"), and under the Sixth Amendment to the United States Constitution (which similarly guaranteed that " in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial"). ( Doc. 1-1, p. 4-5). *See* Pa. R. Crim. P. Rule 600. See also Pa. Const. Art. 1, §9, U.S. Const. Amend. VI.

---

600(A)(2).

Accordingly, we are unable to find that Petitioner's Rule 600 issue is grounds for habeas relief, as speedy trial claims under Rule 600(A)(2) and the Pennsylvania Constitution are not the proper subject of habeas review, in that they are based on state, and not federal law. ( *Cann v. Bickle*, No. Civ.A. 11-5078, 2011 WL 7644037, at *1, *7 (M.D.Pa. May 30,2011) See *also Wells v. Petsock*,941 F. 2d 253,256 (3d Cir. 1991)( refusing to consider Rule 600 violation when analyzing Sixth Amendment Speedy trial claim, "even if that [ state procedural] rule is intended as a guide to implement a federal constitutional guarantee.") Any speedy trial claim based on the state procedural rule is not cognizable on federal habeas corpus relief, as the Sixth Amendment does not require a defendant to be brought to trial within any specified period of time. ( *Wells v. Petsock*, 941 F. 2d at 256.)

Further, the Superior Court of Pennsylvania found that Petitioner's first contention of ineffective assistance of counsel claim, regarding Pennsylvania Rule of Criminal Procedure 600, was without merit as Petitioner did not adequately demonstrate that his case was prejudiced by the fact that he was not released on nominal bond. Specifically, the Superior Court stated as follows:

> Other than making bald allegations that he could have obtained (new) counsel and more adequately prepared his case if he had been freed on nominal bond, Appellant offers us no specifics. That is, Appellant presents no explanation as to why Appellant needed new counsel, why Appellant could not obtain new counsel while in jail, what new counsel would have done differently than existing counsel, and what Appellant would have done to prepare his case more adequately if he had been released. In short, Appellant fails to demonstrate how being released on nominal bond would have likely led to a different result at trial. Therefore, Appellant has failed to demonstrate he was prejudiced by trial counsel's supposed failure to pursue relief under Rule 600. As such, Appellant has not convinced us his trial counsel was ineffective. Therefore, Appellant has not convinced us the PCRA court erred. Appellant is thus entitled to no relief on this issue.

18

For the sake of clarity, we also note the following. We understand that, for the purposes of Rule 600 itself, there is no requirement of prejudice beyond the passage of the specified time limits: 180 non-excludable, non-excusable days of pretrial incarceration entitles a defendant to release on nominal bond and 365 non-excludable, non-excusable pretrial days leads to discharge—both of those remedies being available without the showing of any (additional) prejudice. *Commonwealth v. Kearse*, 890 A.2d 388, 395 (Pa. Super. 2005); Pa.R.Crim.P. 600. However, because Appellant has been tried and is serving a sentence on this case, a pure Rule 600(E) complaint—*i.e.*, a simple claim that he should have been released pretrial—is obviously moot. *Commonwealth v. Sloan*, 907 A.2d 460, 464-65 (Pa. 2006).

Herein, Appellant is raising a different argument: he is complaining the outcome of his trial would have been different if counsel had secured Appellant's release on nominal bond. Thus, he must prove the prejudice prong of the ineffectiveness test. He has not done so.

(Doc. 12-10, pp. 43-45).

Thus, the Superior Court did not find merit in Petitioner's claim that he suffered ineffective assistance of trial counsel with respect to Pennsylvania Rule of Criminal Procedure 600 because Petitioner did not adequately demonstrate that the outcome of his trial was prejudiced as a result.

Therefore, we find, Petitioner's ineffective counsel claim based on failure to raise a Rule 600 violation ( Doc. 1-1, p.5) to be without merit.

### b. Failure of counsel to object to the courts abuse of discretion in imposing an illegal sentence

Regarding his second argument, Petitioner submits that his counsel was constitutionally/statutorily ineffective because he did not raise the issue of an illegal sentence even though Petitioner's conviction on the possession with intent to deliver charges "was in fact

19

illegal in that the court abused its discretion in utilizing a prior Misdemeanor drug possession to enhance his [ ] sentence." (Doc. 1-1, p. 7).

As support, Petitioner offers that in *Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. Ct. 2008), the Superior Court of Pennsylvania held:

> "'The term 'illegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases.' *Berry*, 877 A.2d at 483. This class of cases includes: (1) claims that the sentence fell 'outside of the legal parameters and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). See *Jacobs*, 900 A.2d at 372-373 (citations omitted). These claims implicate the fundamental legal authority of the court to impose the sentence that it did. Most other challenges to a sentence implicate the discretionary aspects of the sentence. *Archer*, 722 A.2d at 209-210. This is true even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of [ ] constitutional dimension. *Id.*; *Jacobs*, 900 A.2d at 373-374. (FN5) Moreover, the mere fact that a rule or statute may govern or limit the trial court's exercise of discretion in sentencing does not necessarily convert the claim into one involving the legality of the sentence."

(Doc. 1-1, p. 7 (quoting 931 A.2d 15)).

Petitioner avers that his current sentence of eight (8) to sixteen (16) years is illegal because it is "well beyond the statutory limits as proscribed by the sentencing guidelines" in 42 Pa. Cons. Stat. Ann. § 9721. (Doc. 1-1, p. 7). Petitioner argues that the trial court abused its discretion by using one of Petitioner's "early misdemeanor convictions for Knowing/Intentionally Possessed [Controlled] Substance" to enhance his present sentence. (Doc. 1-1, p. 8). Petitioner argues that his counsel should have raised this issue because this illegal sentence violates his due process rights under both the United States and the Pennsylvania Constitutions in "making the prior convictions an element of the 'second or subsequent offense' without requiring they be proven beyond a reasonable doubt before a jury." (Doc. 1-1, p. 10 (*citing Commonwealth v.*

20

*Barud*, 681 A.2d 162, 165 (Pa. 1996); *Commonwealth v. Hendrickson*, 724 A.2d 315, 317 (Pa. 1999); *Commonwealth v. Aponte*, 855 A.2d 800 (Pa. 2004))).

With respect to Petitioner's second contention on of ineffective assistance of trial counsel, the Superior Court of Pennsylvania found that Petitioner did not successfully prove that the sentence imposed by the trial court was in fact illegal. In that regard, the Superior Court held:

> Initially, Appellant does not demonstrate that his sentence was in any way illegal. Rather, his aforementioned complaints implicate the discretionary aspects of sentencing, not the legality thereof. *See Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009). Thus, to the extent Appellant founds his argument on the notion that his penalty was illegal, his argument fails.

> However, the ineffectiveness of counsel with respect to discretionary sentencing matters may be raised in a PCRA petition. *Commonwealth v. Watson*, 835 A.2d 786, 801 (Pa. Super. 2003). Therefore, to the extent Appellant's argument can be read as attacking counsel's stewardship with regard to discretionary sentencing, Appellant's claim is at least cognizable under the PCRA.

> Nevertheless, Appellant is entitled to no relief. Appellant's brief does not even present a sufficiently developed discussion to persuade us the sentencing court did anything wrong. Accordingly, we are not persuaded counsel should have objected to the sentence. Having not shown merit to the underlying claim, Appellant has not shown counsel was ineffective. He has therefore not established that the PCRA court erred.

(Doc. 12-10, p. 47-48).

Thus, the Superior Court did not find merit in Petitioner's claim that he suffered ineffective assistance of trial counsel regarding his discretionary sentence because Petitioner did not adequately demonstrate that his sentence was in fact illegal or that the sentencing court or the PCRA court erred.

We find that Petitioner's counsel did not fail to object to the Court's sentence, since the sentence imposed on Petitioner was not illegal. *See* 42 Pa.C.S. §9756,42 Pa.C.S. §972(b), 42 Pa.C.S. §9781 (c)(3). *See Also Commonwealth v. Sessoms,* 516 Pa. 365,532 A.2d 775 (1987).

Therefore, since the sentence imposed on Petitioner was not illegal, we find Petitioner's claim, for ineffectiveness of counsel in failure to raise/ and or object to the Court's imposed sentence, to be frivolous. *Roman v. Jeffes*, 904 F.2d 192,194 (3d.Cir.1990).

### 3. Mere Presence Instruction

Petitioner asserts that his counsel was further ineffective because he failed to request a mere presence instruction. (Doc. 1-1, p. 11).

Petitioner submits the following holding from *Commonwealth v. Murphy*, 844 A.2d 1228 (Pa. 2004), as support:

> "As with accomplice liability, mere association with the perpetrators, mere presence at the scene, or mere knowledge of the crime is insufficient to establish that a defendant was part of a conspiratorial agreement to commit the crime; there needs to be some additional proof that the defendant intended to commit the crime along with his co-conspirator. 18 Pa.C.S.A. § 903. *Lambert*, 795 A.2d at 1016. There needs to be some additional proof that the defendant intended to commit the crime along with his co-conspirator. See id.; see also *Comm. v. Wayne*, 553 Pa. 614, 720 A.2d 456, 464 (1998)."

(Doc. 1-1, p. 11 (quoting 844 A.2d 1228)).

Petitioner asserts that in *Commonwealth v. Henderson*, 378 A.2d 393 (Pa. Super. Ct. 1977), the Superior Court of Pennsylvania vacated the defendant's sentence and remanded for a new trial because the trial court erred when it failed to instruct the jury that "'mere presence'

at the scene of [the] crime and knowledge of its commission are not sufficient standing alone to prove a conspiracy or accomplice liability." (Doc. 1-1, p. 11).

Petitioner avers that at his trial, his counsel erred in neglecting to request such a jury instruction from the court, which ultimately prejudiced the outcome of his case, as it was "essential to jury understanding of the issues where [his] defense was that he had no knowledge of the additional drugs found under the sofa [ ] and that he had not participated in selling drugs, or delivering them." (Doc. 1-1, p. 12).

Regarding Petitioner's third contention of ineffective assistance of trial counsel, the Superior Court of Pennsylvania found that the trial court did in fact instruct the jury that Petitioner's mere presence at the scene of the crime could not alone sustain a conviction. The Superior Court stated:

> Generally speaking, we will not find error in a trial court's jury instructions unless the court abused its discretion. *Commonwealth v. Harris*, 979 A.2d 387, 396 (Pa. Super. 2009). Speaking in more detail, we have discussed our review of challenges to jury instructions as follows:
>
> > Appellate review of a trial court's charge must involve consideration of the charge as a whole to determine whether it was fair and complete. This review does not focus upon whether specific "magic words" were part of the charge. Rather, it is the effect of the charge in its entirety that is controlling. A trial court is free to choose its own form of expression when instructing the jury; a defendant has no right to specify the exact language which the trial court must employ. So long as the trial court's jury charge fully and adequately explains the relevant legal principles which . . . apply to the evidence presented at trial, the charge is correct and will be upheld on appeal.
>
> *Commonwealth v. La*, 640 A.2d 1336, 1344 (Pa. Super. 1994) (internal citations omitted).

We recall also that, at its essence, a conspiracy occurs where there is an agreement to commit a crime and where one or more of the parties to that agreement engage in at least one overt act in furtherance of the criminal plan. *Commonwealth v. King*, 990 A.2d 1172, 1178 (Pa. Super. 2010); 18 Pa.C.S.A. § 903(a), (e). Mere presence at the scene of a crime is insufficient to sustain a conviction for conspiracy. *La*, 640 A.2d at 1344-45; *Commonwealth v. Henderson*, 378 A.2d 393, 398 (Pa. Super. 1977).

Here, the record reveals the court did instruct the jurors that they could not convict Appellant for conspiracy based on his mere presence at the scene of the crime(s). The court gave this charge as part of its conspiracy instruction. We are satisfied the court's instruction fully and adequately explained the relevant legal principles, both with respect to mere presence and with respect to conspiracy.

Appellant, however, complains that, when the jurors asked for a copy of the definition of conspiracy, the trial court recharged them without restating the principle that mere presence is insufficient to sustain a conviction. He contends that it was error to omit the mere-presence language on recharge and that counsel was ineffective for not objecting to the omission.

We are unpersuaded that the recharge on conspiracy negated the earlier instruction on mere presence or somehow misled or confused the jurors. The jurors were instructed on mere presence; they were instructed on conspiracy. We assume the jurors followed the instructions. *Commonwealth v. Rega*, 933 A.2d 997, 1016 (Pa. 2007).

In sum, Appellant has not convinced us there is any merit to the claim that

counsel should have objected to the initial charge or the recharge. As such,

Appellant has not convinced us counsel was ineffective. Therefore, Appellant has

failed to demonstrate the PCRA court erred in dismissing his petition.

(Doc. 12-10, pp. 45-47).

Thus the Superior Court, where the Court found no merit in Petitioner's claim that he

suffered ineffective assistance of trial counsel with respect to objecting to the trial jury's

instructions because it found that the jury was correctly charged on 'mere presence,' and, as

such, Petitioner did not prove that his trial counsel acted unreasonably in not objecting.

24

We find that since the Pennsylvania Superior Court decided Petitioner's ineffective assistance of counsel claim under standards that are basically the same as the *Strickland* standard, the Court should "apply the deferential standard of 28 U.S.C. § 2254(d), which requires that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law." *Grant*, 2009 WL 222945, *8.

We find that Petitioner is not entitled to habeas relief under subsection (d)(2) since the state courts' decision with respect to his ineffective trial counsel claims, as detailed above, were "reasonable both in [its] application of federal law and in [their] determination of factual issues." *Breighner*, 301 F.Supp. 2d 354, 369 (M.D. Pa. 2004). The state court's application of the above mentioned federal law was not contrary to or an unreasonable application of clearly established federal law, nor did it result in a decision based on an unreasonable determination of the facts in light of the evidence presented. As a result, Petitioner has failed to establish that his trial counsel was ineffective and therefore, we find that Petitioner's ineffective assistance of trial counsel habeas claims are without merit.

### 4. *Illegal Search*

With respect to his last argument, Petitioner asserts that his trial counsel was additionally ineffective in failing to raise a property ownership issue where his conviction followed an illegal arrest and subsequent search of his person. (Doc. 1-1, p. 13). Petitioner argues that his arrest and search were illegal because "he was not the person the Frackville Police had listed on the

25

Body Warrant, nor the owner of the property where the initial [drugs] were found, causing his arrest." (Doc. 1-1, p. 13).

As support, Petitioner submits that the Pennsylvania Supreme Court held in *Commonwealth v. Chmiel*, 889 A.2d 501 (Pa. 2005):

> "'Fruit of the poisonous tree doctrine' requires the exclusion of evidence or confessions obtained as a result of a constitutional violation unless purged by intervening events. U.S.C.A.Const.Amend. 4 See Suppression Court Opinion, 8/19/2004, at 4. The suppression court also concluded that '[s]ince the investigative detention of the defendant was not supported by reasonable suspicion and was, therefore, unconstitutional, the contraband recovered from 804 Madison must be suppressed as 'fruit of the poisonous tree.' Id., at 4. ¶ 13 As mentioned, the Commonwealth, in its first issue presented on appeal, argues that the suppression court's finding that the officers lacked reasonable suspicion of Tucker's involvement in criminal activity is erroneous. ¶ 14 In the landmark criminal case, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court held that police may stop and frisk a person where they have reasonable suspicion that criminal activity is afoot. See also, Comm v. Blair, 860 A.2d 567, 573 (Pa.Super.2004) ('[A] police officer may, short of an arrest, conduct an investigative detention if he has a reasonable suspicion, based upon the specific and articulable facts, that criminality is afoot.'). Terry sets the standard for reasonableness under both the Fourth Amendment of the United States Constitution and under Article I, § 8 of the Pennsylvania Constitution. See Comm. V. Wiley, 858 A.2d 1191, 1194 (Pa.Super.2004)."

(Doc. 1-1, p. 14 (alterations in original) (citing 889 A.2d 501)).

Finally, regarding Petitioner's last contention under his ineffective assistance of trial counsel claim, that his counsel did not raise the argument that the arrest and search leading up to his criminal proceedings were unconstitutional, the Superior Court barely addressed the argument but to say that Petitioner's "claim that counsel did not argue forcefully is nothing more than a bald, undeveloped assertion." (Doc. 12-10, p. 48). It seems that the reason the court did not extensively explore this specific contention is because it was without merit, as even

Petitioner's own PCRA counsel noted in her brief: "While there is no doubt that Petitioner believes that this issue was decided wrongly, there is equally no doubt that both attorneys raised the issue, argued it, and lost." (Doc. 12-8, p. 9).[6]

Accordingly, we find that Petitioner is not entitled to habeas relief under subsection (d)(2) because the state courts' decisions with respect to his ineffective trial counsel claims, as detailed above, were "reasonable both in [their] application of federal law and in [their] determination of factual issues." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 369 (M.D. Pa. Feb. 10, 2004). The Pennsylvania courts' applications of the above mentioned federal law were not contrary to nor an unreasonable application of clearly established federal law and/or precedents, nor did they result in decisions based on unreasonable determinations of the facts in light of the evidence presented. As a result, Petitioner fails to establish that his trial counsel was ineffective, and we therefore agree with Respondents and find that Petitioner's ineffective assistance of trial counsel arguments are without merit.

---

[6] Petitioner's PCRA counsel explained:

First, it appears to this counsel that Petitioner's pre-trial attorney did raise the illegality of the arrest and search incident to the arrest by way of an Omnibus Pre-Trial Motion and a Habeas Motion. Notes of Testimony, August 31, 2005, *passim*.

Next, it appears that Petitioner's trial attorney did raise the issue on appeal, as the Superior Court addressed this very issue. Superior Court Opinion, April 3, 2007, pp. 4-6.

**V. RECOMMENDATION**

Based upon the foregoing, it is respectfully recommended that Petitioner Chestnut's

Petition for Writ of Habeas Corpus (**Doc. 1**) be **DENIED**.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 5, 2012**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY CHESTNUT, a/k/a Dwight Johnson, | : | CIVIL ACTION NO. 3:CV-12-0579 |
| | : | |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PENNSYLVANIA STATE ATTORNEY GENERAL, *et al.*, | : | |
| | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 5, 2012.**

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


_____ **s/ Thomas M. Blewitt**
                                 **THOMAS M. BLEWITT**
                                 **United States Magistrate Judge**


**Dated: October 5, 2012**

_____